Good afternoon, may it please the court. Jonathan Eisenman for the City of Los Angeles. I'd like to reserve three minutes for a rebuttal. This case is principally about two basic things. The first is whether as a practical matter the city can remove bulky items that are stored in its public areas. The second is the nature of the process the city has to offer if it's going to do that. What this appeal isn't about is the city's ability to destroy bulky items that are stored in its public areas, a function that the district court should have but did not sever from the ordinance. Had it done so it would have been left with a provision that looks an awful lot like the unchallenged ADA provision of the ordinance. What I mean by that is it would permit the city to remove bulky items with post removal notice pursuant to section 5611 4b which requires post removal notice in any instance where it's not excluded and to store those items pursuant to section 5611 5 which requires storage in any instance where it's not excluded. There would be an exception to that for non-tent shelters. For those there would be 24 hours pre-removal notice, there would be post removal notice, and there would be storage. So really the question then becomes whether removing these things in the first instance always violates the Fourth Amendment which is which was plaintiff's burden to prove here. The district court concluded that it does but only after lumping the function of seizing the items with the function of seizing the items it's difficult to see how it's not a paradigmatic example of the city performing its community caretaking function. It is removing an item that tends to be obstructive by virtue of its size or so the City Council could have concluded from the public right-of-way. That is again a paradigmatic example qua operament of the community caretaking function. So a couch and a jacuzzi that if this were severed you would be able you ought to be able to remove without violating the Constitution and and that's why it needed an as-applied challenge. So what I'd like to know is you know other than the big couch and the jacuzzi what are the types of things that if there were an as-applied challenge you could in your view remove under subsection I but wouldn't be removable under any of the other subsections of the ordinance that the preliminary injunction left alone? I think you've given some good ones already the the kennel Mr. Daxson's kennel would be an example. There are many many many sorts of items on the sidewalks of Los Angeles that are larger than would fit in a 60-gallon bin with the lid closed. Many. There are chairs there is a chair depicted in 2 ER 169 in fact the whole setup that a person has on the sidewalk a chair a grill a bunch of other things. I took your point maybe incorrectly in your reply brief that you know giant couch giant jacuzzi certainly we ought to be able to remove those without getting a warrant or anything else even if it didn't meet any of the other things in the in in the statute. The other types of things could be I mean what would be the need to remove them without giving some type of notice as the plaintiffs have argued. Why would that not violate the Constitution? I'm looking for your examples as to things where no we absolutely need this section and no notice. I mean I guess in a sense there's two questions there and there's the Fourth Amendment question which I don't think the notice issue bears so much on in the 14th Amendment question where you need to seize and move without notice. You know it's at the same extent that you might remove something for causing an ADA obstruction without notice and the reason you would do that is because it doesn't permit at least 36 inches of passage on the sidewalk. The city I think is well within its rights to say we don't want to just allow 36 inches of sidewalk for example. We want a lot more space because we want the sidewalks to be used for other things than property storage. In that situation you could say just as well as with the ADA example we're going to remove these things immediately but you will do it with other items that do not reduce the passable space to 36 inches but do monopolize the space and I don't want to come back to the canoe the jacuzzi or the couch but it's certainly possible that those things could be on a sidewalk where there are still 36 inches of feet and feet of space that would otherwise be available that are being monopolized. I don't think the city should be required to go to the least common denominator in terms of what it can and cannot allow on its on its sidewalks. What kind of passage it needs to preserve. So to the extent you might say we want to remove this quickly because it's causing an ADA violation I think the same is true of we want to move this quickly because it's just taking up a lot of space. The same would be true for example if what case tells us that you can do that? Well I think these are this is nothing different than saying we're going to remove a car. Let's say there's a four lane road and there's a car parked in the rightmost lane during rush hour. You might say well cars can go around it there's another lane there but I don't think that the Supreme Court has made cars like a very special category. You have less privacy in cars. There's a whole jurisprudence about cars and I'm not aware of any jurisprudence that extends the car category to couches that are not on the road. I mean that's that's true your honor there's no jurisprudence that extends car the category of cars to a couch it's not on the road but I mean we're talking about public areas we could put the couch on the road for example. So now the couch is in the rightmost lane of the road rather than a car parked there. Cars can go around it so it's not necessarily an exigency. I think it'd be hard to say that the Fourth Amendment prohibits the removing the couch or the 14th Amendment requires them to give notice before moving the couch. I'm also not sure. This ordinance isn't about on the road is it? It's any public area your honor including alleyways and roadways. Traditionally we're looking at enforcement on other public spaces like sidewalks but it is public areas so it could include the road and again what we're looking at here is a facial challenge. So granted some of these hypotheticals I mean might there be a couch in the rightmost lane of the road maybe maybe not I don't think it's that far-fetched but it's it's certainly reasonable to assume that there could be. Is that enjoined by the district court here if there were a couch in the road? I think it is. If the couch would be removed pursuant to the bulky items provision then it's enjoined. It's a facial injunction. Not covered by any of the other sections? I'm not sure that it would be because again there's a passable lane in the road. This is the same difference between saying wait a minute this is this is if you're as if you're saying the ADA portion of the ordinance is sufficient to remove obstructions from the sidewalk because at least it guarantees 36 inches of passage. There's a whole other lane of passage here so I don't know that you could say well now there's you've created an exigency an emergency etc etc. Maybe if it's blocking a driveway you could remove it pursuant to the blockage of a driveway section. But I think the point remains that we're talking about items that monopolize space in a public area. They certainly interfere with the passage of traffic there. I think yes while the Supreme Court has created a whole jurisprudence of cars I can't see a basis for distinguishing vehicular traffic from pedestrian traffic or any of the other number of things you might do in a public area. Well why not? It's much harder to stop a car quickly because something's in your way than it is to stop walking because something's in your way. It's much more likely that people are to be injured in a room. And there's there's an interval so let's say it's blocking a bike path now. I mean it's it's I think the point in all these cases is. You have the ability if it's a danger that's a different situation right? You're trying to have a right to remove it even if it's not a danger. I think things tend to cause obstruction. I don't think there's any requirement that it's an immediate danger before I remove it. If that were true then for example you couldn't remove and again this is an instance of a car but a car that's parked in the same place for 72 hours. The Fourth Amendment the community caretaking function permits that sort of removal and those ordinances are ubiquitous that allow the removal of a car after 72 hours parked in one place. It's it's not as if you have to show that the car was being obstructive at the time you removed it. It's just that those things tend to cause obstructions. And the language in Opperman doesn't speak just to safety but it speaks also to convenience. And it's certainly inconvenient to have a majority of a public area monopolized by large pieces of property. Is there any case that has allowed this kind of a removal that you're proposing based solely on convenience? I'm not sure that there is but I think again well you know I don't want to stretch Opperman beyond what I to but the fact is the car in that case was removed for exceeding an hour of time a time limit of parking. You can't really say that's an obstruction it's just a matter of convenience and that's I'm sorry I think there was notice before the removal in Opperman. In Opperman there was notice before the removal that's true but if we're now talking about whether there has to be notice in every instance before an item is removed there are as far as due process question goes there are probably some instances where it would be required and some instances where it wouldn't be. I think the question is what what's the point of giving the notice? So the example we gave there seems to be little point to putting notice on a canoe that the canoe doesn't belong in a sidewalk before one removes it from the sidewalk. You know there may be more of a point to giving someone notice before removing a marginally bulky item. There are ways in which those can be measured before they're removed. Sanitation workers show up. I take it that part of your argument is that if the district court had decided this was severable in order to issue an injunction the district court would have had to look at those kinds of issues and tailor the injunction to the parts that were in unconstitutional as opposed to every possible application. Yes Judge Bennett and I think that's true even if the destruction provision is not severable. The issue then is you have an injunction that would stand or fall based on the court just saying well you can't destroy these things we can't sever that so ergo we go no further just don't enforce this statute. You have instead a broad injunction that deals with constitutional issues that go well beyond what would be required to stop the city's enforcement of the statute assuming that provision is not severable and bleed into other good basis to distinguish the rule that's developed. So would you agree that if we agreed with you on severability and decided that there were more findings that needed to be made that we would have the authority to send this back to the district court to make those kind of findings without disturbing the injunction in the interim? Yes I would agree with that. I would agree with that and that would be a result frankly that we could live with because again the the problem here is that we have a ruling that by its logic stretches beyond the bulky items provision. I don't think there's any basis to distinguish the removal for example of a bulky item from the removal of an item that causes the sidewalk to be non-compliant ADA wise and because we have an injunction here the rationale which stretches that far it's a real problem for the city. I see I've now meandered into my rebuttal time so I'll thank the panel and allow Ms. Myers to proceed. Thank you. Thank you. Thank you and may it please the court. My name is Shayla Myers and I represent the plaintiff of Pelley's in this matter. In May 2019 plaintiff Marquise Ashley who is homeless was trying to comply with the city order to pack up his belongings and leave the area when he was stopped by sanitation workers and law enforcement officers who told him that the homemade cart attached to his bicycle was a bulky item and he had to turn it over to them. Importantly the item that he was carrying his cart wasn't blocking the sidewalk. He was moving it out of the area. He wasn't even placed on the sidewalk and yet the officers told him that he had to turn it over. He was given no notice, no opportunity to contest the determination that his cart was bulky even though he ultimately disagreed with the city's determination. And the reason why he wasn't given any notice, any opportunity to contest that determination is because section 3i of the Los Angeles Municipal Code 5611 this bulky item provision at issue in the case quite literally allows law enforcement officers and sanitation workers under a tent, their carts, their bins, their bicycles, and countless other personal items that unhoused people use to survive on the streets. Mr. Ashley and other unhoused residents have lost property as a result of enforcement of the bulky item provision before or even because no notice has ever been given, no opportunity to contest the seizure of property before or even after the property is taken. This is true regardless of whether the property was seized or not. Items are simply removed as the city advocates should occur in this case. Unhoused residents who are subject to the bulky item provision are afforded none of the constitutional protections guaranteed by the 4th and the 14th amendment because the law at issue here simply does not account for any of these protections. And this is why the district court in this case issued an extremely narrow injunction. I think that's important for the court to only the bulky item provision and the corresponding arresting provision. It does not include the 16 other provisions of Los Angeles Municipal Code 5611 including the provisions that allow the city to address immediate threats to public health and safety, property that interferes with city operations. So for example the couch that Mr. Eisenman discussed that would be blocking a city street, that would be covered by a separate provision of 5611. But not necessarily the couch that's on the sidewalk or the jacuzzi that's on the sidewalk. If the couch or the jacuzzi is blocking the free passage of traffic then it would be covered. It would be covered by the city operations. And the district court addressed that specific point. The city raised the question about a ladder. A ladder that was simply blocking the sidewalk and made it difficult for people to to go to to take the bus to school. And the city said and the court said yes under the provisions that were still available the city could seize the item. But importantly the bulky item provision provides no notice or opportunity to contest the city's determination. In those instances in which there are exigent circumstances that require the city to address the issues immediately, they have numerous provisions in 5611 to do that. But what we're talking about here, the issues for which the bulky item provision is determinative, and that's the question for purposes of the facial challenge, is where the factor at issue is determinative. Those are those instances where the city has provided no justification why the city cannot provide notice and an opportunity to be heard before the items are taken. Before every item is taken. Before every item that's covered by eye is seized on a facial challenge. Certainly before any item. And the reason for that is simple. The bulky item provision and 5611 does not apply to any item that's sitting out there on the sidewalk. This doesn't apply to the items that are illegally dumped. This doesn't apply to the items that we see as we're walking down the street and we see items piled up after they've been discarded from apartment buildings. 5611 doesn't cover that property. All it covers is... It does, it does cover bulky items that aren't stopping someone absolutely from walking on the sidewalk but doesn't constitute an immediate threat to the health or safety of the public. Sure. Importantly, it covers property that belongs to an individual that's on the sidewalk or in a public space. I think that's what's critical here. So is it your view that if this were severable, and I understand your view is that it's not as the district court said, but is it your view that if this is severable, that every instance that we can look at, and I looked at your citation of the Patel case, but that every instance that we could look at, there would be no seizure without notice allowed without exception? Well, no, Your Honor, because there are numerous provisions that allow... No, under this under this provision that wouldn't be covered anywhere else, that only under this provision. Every single one would be unconstitutional. Where the... Where it was not an immediate threat, where it's not blocking the sidewalk, where it doesn't fall into one of the circumstances that's articulated in 5611, then what would be required is some level of due process. Yes, that is clear. But the Supreme Court and this court have been clear that where property is seized from an individual, because the reality is what we're talking about are items that belong to someone. Again, these are not abandoned. This is not abandoned property. This is not illegally dumped property. This is property that the city has a reasonable understanding belongs to someone. Then yes, Your Honor, due process would require some sort of notice and some opportunity to be heard. That is fundamental. And a warrant for the Fourth Amendment is also your position? Am I right? Your Honor, it would not necessarily require a warrant, but it would require some sort of process prior to the property being taken, unless there was a provision of an exception to the warrant requirement that would allow the property to be taken. So if the jacuzzi weren't covered by any other section of this, let's say the jacuzzi was on the grass next to the sidewalk, that in your view some process like a warrant would be required. So they would be down to the Superior Court of the Municipal Court. I'm not sure how it works in California who does search warrants or on the phone for a telephonic warrant for the removal of the jacuzzi. Well, Your Honor, and I think I think Patel is clear on this point as well, is that when the when property is being seized pursuant to something other than a law enforcement category, there's some level of process that could be sufficient absent a warrant. So in Patel it's an administrative search and that spells out a very different type of procedure that's available, a subpoena or something else. And that gets to this issue of the 4th and 14th Amendment being co-extensive. And while they are separate rights, it's the question of process that's ultimately at issue here. And our concern is that 5611, the bulky item provision, provides no whatsoever. It provides no check on the city's authority to determine, take, as drafted, throw away, but otherwise remove property. So counsel, if I'll ask you the same question I asked your friend, uh, if we were to determine that this were severable and that the district court should have applied a severability analysis and that it wasn't clear on its face that it was facially unconstitutional, would there be any harm to your clients if we remanded for those determinations without disturbing the injunction in the interim? Your honor, I think if you determine that the city or the district court did not do the proper analysis, as long as the injunction remains in place, then we would not object to that either. But I think you I think you hit on exactly the right point is that the injunction would need to remain in place given the interests that are at stake here. So and your honors, I just want to hit on the for purposes of the removal, I think it's looking at it within the context of due process and what due process provides. Due process provides notice that the city has determined that an item is bulky. Due process provides an opportunity to contest the city's determination that that item is bulky. I think it's very easy to look to, for example, a jacuzzi sitting on the sidewalk and think, why would we need to give notice about that? And put in the context of what a jacuzzi actually is and if it belongs to a person, if this was a generally applicable law, and a jacuzzi belonged to someone who wasn't unhoused and the jacuzzi was sitting on the sidewalk or sitting on the grass and law enforcement simply walked up to that and took it away, didn't provide any notice in advance or opportunity to cure, didn't provide any notice after the fact, didn't provide any way to get it back. I don't think that we would struggle in the same way to say that due process would attach. What we're asking for here. Council, I think I would probably agree with you with regard to the post seizure notice, but I'm not sure I would agree with you with regard to you got a jacuzzi on a sidewalk, even if it's in, I don't know what rich areas of LA are, even if it's in Bel Air or wherever it is. I don't know that there would be notice required to seize the jacuzzi off the sidewalk in the first place, but I agree with you on the possibility of post seizure notice. And, Your Honor, I think also when we consider what's at stake and which is the proper analysis for purposes of determining how much process is due, the court has to look at what are the implications for the deprivation of that property. When a person owns belongings and they are unhoused and that property is taken to a storage facility without notice or an opportunity to contest the determination, the city itself has conceded and put forth evidence that they understand that that is the functional equivalent of a permanent deprivation, because they understand that unhoused people don't have the transportation available to go across town to retrieve their belongings. So the notice and the opportunity to contest the city's determination ultimately serves as an incredibly important check on the city's ability to act indiscriminately in taking those decisions. You're focusing a lot on the 14th Amendment and not talking very much about the Fourth Amendment version of your argument, and I thought you had an argument that the community caretaking didn't allow seizures unless there was some sort of exigency and that this didn't involve exigency. So is that, am I right that that's part of your argument? Are you backing away from that? No, Your community caretaking doctrine does not give the city the exception to the warrant requirement that they need it to in order for this to survive. One of the main reasons though that the beyond exigency that the community caretaking function does not save the bulky item provision is that where courts have allowed the seizure of property pursuant to community caretaking, it also has to be done consistent with standards that spell out the factors that are relevant in seizing property pursuant to the community caretaking doctrine. And the bulky item provision does not include those standards and in fact specifically excludes the types of factors that the court has said the city must consider in seizing property pursuant to its community caretaking function. Council, maybe you could help me with this. I'm having a little bit of trouble with that because when we look at for a facial challenge what's reasonable and and what isn't, are you saying that to exercise the community caretaking function even in a circumstance where you're just short of immediate threat to health or safety, the police couldn't do that because the standards aren't in the community caretaking statute or on the community caretaking exception to render a seizure statute consistent with that exception. They have to be bound by some form of standards that ensure that the community caretaking doctrine applies. In this case, your honor, does it even extend beyond cars? I mean the cases about cars definitely say that, that a car has to be seized, can only be seized pursuant to various standards and local regulations. Does it even extend beyond cars? I think it is an expansion of the community caretaking doctrine to assume that it would apply in these circumstances. What is absolutely clear though is the city's reading of Operman stretches it far beyond what the case law actually says. Operman requires that there be a public safety or infringement in traffic. It cannot simply be the city, as it did here, passed an ordinance that said that bulky items cannot be in public and therefore they're subject to seizure. That's inconsistent with the Fourth Amendment. This court has been very, very clear. Passage of the statute alone is insufficient for purposes of the Fourth Amendment to render a seizure valid. Your honor, we believe the district court did not abuse its discretion when it granted this very simple constitutional protections that all individuals are entitled to with their property. So, if there are no other questions, then we would ask that you affirm the district court. We have a little time left for rebuttal. Yes, thank you. I'll start where Ms. Meyers finished with Operman and I'll read directly from the case. Police departments will also frequently remove and impound automobiles which violate parking ordinances and thereby jeopardize both the public safety and efficient movement of vehicular traffic. Their ability to do that is, quote, beyond challenge. So, I'm not sure how we're over reading that to say that we have an ordinance that says if something is bigger than will fit in a 60 gallon container with the lid closed, which is a measurement, an objective measurement, it tends to be obstructive of traffic and we're going to remove it pursuant to the same function that the Supreme Court outlined in Operman. And from there, I'd like to back up to something that Ms. Meyers began with. How do you deal with Rodriguez? I mean, doesn't Rodriguez limit the community caretaking function and what's required? I think Rodriguez limits it in the circumstances that were present in Rodriguez and I'm cognizant of the fact that I'm speaking to the person who authored the opinion. You have a case there where the officers are in someone's house, they're taking guns away from a person who's not there anymore and in fact another person was claiming ownership of the guns. So, to say in that for safety is one thing, but I don't think if you look at cases, you know, the mind run of cases involving cars in doing this, you wouldn't say, wait a minute, is there an immediate need to do this for safety reasons? But cars, as I was saying earlier, there's like this special jurisprudence because cars have less value, less privacy value, less all kinds of value than perhaps like everyone's equivalent. I want to be careful about meandering into discussing this as a matter of privacy because I don't think if we're talking about the Fourth Amendment qua privacy, it's really what's at issue here. We're just talking about the Fourth Amendment in terms of removal of property and I think it's difficult to say that there's something special about a car that wouldn't apply equally to, for example, a canoe. And I'm not putting these examples out of nowhere. This is something that was in fact on the street in Los Angeles. So, it's difficult for me to see how it makes sense to limit this community caretaking function in a way that would prohibit the city from removing those items. It seems strange to me to think that the framers of the Fourth Amendment, in their disdain of general warrants and writs of assistance, would have imagined that municipalities would have to go and get even an administrative subpoena before removing a Thank you. Thank you both sides for the helpful arguments. This case is submitted and we are adjourned for the day. Thank you. The court for this session stands adjourned.
judges: Friedland, Ezra, Bennett